possession, then no declarations made by Turner about giving a part of the land could be considered by you."

2. Error is assigned in overruling the objection to a part of the interrogatory propounded to Buchanan, in which he was asked: "State whether or not Turner gave his daughter one half of the land." This question was objected to as leading, which objection was made in writing upon the interrogatories before they were executed.

3. Another ground is, that the court erred in charging: "If you believe from the evidence that it was a transaction between father-in-law and son-in-law, or between father and daughter, then the transaction should be scanned with care and caution, and the *bona fides* of the transaction should be made clearly to appear before you find in favor of it being a *bona fide* transaction."

4. Error in refusing to charge : "If you believe from the evidence that C. W. Turner went to Sharp, the plaintiff, and got his permission to sell the land to Hicks, and if he afterwards sold the same to Hicks, then the plaintiff cannot complain of such sale, if it was made in good faith and free from fraud."

5. The remaining grounds of the claimants' motion, and the only special ground of the plaintiff's motion assign errors upon the admission of testimony over stated objections, without alleging that such objections were made when the evidence was offered.

HALL & HAMMOND, for claimants.

G. W. GLEATON and CAPERS DICKSON, *contra.*

---

SAWYER v. ALMAND.

A debtor who makes a fraudulent sale of personal property, such as a mule, before judgment is rendered against him in favor of his creditor, passes such title to his fraudulent vendee as will enable the latter to pass to a *bona fide* purchaser from him, for value and without notice of the fraud, a title good and valid against the lien

of the judgment, although the second sale was not made until after the judgment was rendered, the property not having then been seized nor any step taken by the creditor to set the fraudulent sale aside. Ledyard *v.* Butler, 9 Paige, 132; Williams *v.* Lowe, 4 Humphr. 62; Young *v.* Lathrop, 67 N. C. 63, 12 Am. Rep. 603; Thames *v.* Rembert, 63 Ala. 562; *Colquitt* v. *Thomas,* 8 *Ga.* 258; Bump on Fraud. Conv. 491, 492; Wait on Fraud. Conv. ₴386; Freeman on Executions, ₴140; Code, ₴2640.    *Judgment reversed* May 16, 1892.

Fraudulent sale. Debtor and creditor. *Bona fide* purchaser. Before Judge BOYNTON. Rockdale superior court. September term, 1891.

An execution in favor of Almand & Company against A. B. Woolley and W. H. Woolley, based upon a judgment of October 27, 1890, was levied upon a mule as the property of the defendants. The mule was claimed by Sawyer. Upon the trial the property was found subject, and Sawyer's motion for new trial was overruled. One ground of the motion is, that the court erred in charging: " If you believe that the trade or transaction between Wm. H. and Alec Woolley was fradulent and void, under the evidence and rules of law given you in charge, then no title would pass from Wm. H. Woolley to his brother so as to prevent the property from being subject to levy and sale as the property of Wm. H. Woolley. And if you find that the trade between Wm. H. and Alec Woolley was void, and you find that Sawyer bought the property after the rendition of the judgment from which this *fi. fa.* issued, then the property would be subject, although Sawyer may have bought in good faith and without notice of the fraud."

J. N. GLENN, for claimant.

J. R. IRWIN, *contra.*